**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ELLIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> J. LEBRON-MELENDEZ et al., <br><br> Defendant. | Civil Action No. 21-9612 (MAS) (RLS) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Trooper J. Lebron-Melendez's ("Defendant") Motion for Summary Judgment under Federal Rule of Civil Procedure Rule 56. (ECF No. 21.) Plaintiff William Ellis, Jr. ("Plaintiff") opposed the Motion. (ECF No. 22.) After consideration of the parties' submissions, the Court decides Defendant's Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed with prejudice.

On April 16, 2021, Plaintiff filed his Complaint in this Court alleging violations of his Fourth Amendment, Fifth Amendment, and Fourteenth Amendment Rights and bringing claims under 42 U.S.C. § 1983. (Compl. 3, ECF No. 1.) In brief, Plaintiff alleges that Defendant, in his official capacity, unlawfully "detained and harassed" Plaintiff for over an hour during a motor vehicle incident on January 30, 2015. (*Id.* at 4.)

The Court recites only the facts necessary to contextualize the present motion. On January 30, 2015, Plaintiff became stuck in snow on the shoulder of Interstate 78 Westbound. (*Id.*; Def.'s

Statement of Material Facts Not in Dispute ("DSMFND") ¶ 1, ECF No. 21-1.) Defendant was dispatched to the scene and found "a silver Infiniti . . . off the road in the snow-covered center median of the highway." (*Id.* ¶¶ 2-4.) Plaintiff was identified as the driver. (*Id.* ¶ 4.) Upon approach of Plaintiff's vehicle, Defendant smelled an odor of "raw marijuana" emanating from the car. (DSMFND, Ex. A, ECF No. 21-5.)[1] Defendant requested a tow truck to remove the vehicle from the median of the highway, and then requested that Plaintiff exit the vehicle so that Defendant could administer standard field sobriety tests ("SFST"). (*See* DSMFND ¶¶ 5-6; DSMFND Ex. A.) Plaintiff successfully performed the SFST, but Plaintiff still "was handcuffed, searched, and advised of his rights." (*See* DSMFND ¶ 8; DSMFND Ex. A.) His vehicle was subsequently searched. (*See* DSMFND ¶ 8.) Defendant's searches did not discover any illicit substances. (DSMFND Ex. A.) After the searches, Plaintiff was released and drove away in his undamaged car. (DSMFND ¶ 9.) Thereafter, on April 16, 2021, Plaintiff filed his Complaint in this matter. (*Id.* ¶ 11.)

On February 17, 2023, Defendant filed the instant Motion for Summary Judgment asserting that Plaintiff's claims against him fail for three reasons: (1) Plaintiff's claims are barred by the statute of limitations; (2) Defendant, in his official capacity as a state trooper, is entitled to Eleventh Amendment Immunity; and (3) Defendant, in his official capacity, is not a "'person' subject to suit" under 42 U.S.C. § 1983. (Def.'s Moving Br. 1-2, ECF No. 21-2.) Plaintiff contends in opposition that 42 U.S.C. § 1983 does not contain a statute of limitations and that he was profiled and harassed in violation of his Constitutional rights. (Pl.'s Opp'n Br. 1-2, ECF No. 22.)[2]

---

[1] Plaintiff claimed that his son, who was not present at the time of the incident, had recently smoked marijuana in the car. (DSMFND Ex. A.)

[2] In support of Plaintiff's Opposition brief, he submitted his own Statement of Material Facts Not in Dispute, in which he asserts that he never consented verbally or in writing to the search. (Pl.'s Statement of Material Facts Not in Dispute in Opp'n ("PSMFND") 2, ECF No. 23.)

The Court agrees with Defendant insomuch as it finds that a two-year statute of limitations bars Plaintiff's claims.[3] A statute of limitations "'accrues . . . and . . . commences to run, when the wrongful act or omission results in damages.'" *Dique v. N.J. State Police*, 603 F.3d 181, 185-86 (3d Cir. 2010) (citation omitted). For police detainments and searches, accrual begins at the time a party is "detained pursuant to legal process." *Id.* at 188 (internal quotation marks omitted); *see Wallace v. Kato*, 549 U.S. 384, 37 (2007). Additionally, courts look to state law to determine the length of the applicable statute of limitations. *See McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019); *Wallace*, 549 U.S. at 387. Under New Jersey law, there is a two-year statute of limitations for a "wrongful act, neglect, or default." N.J. Stat. Ann. § 2A:14-2(a) (West 2019). Claims asserted under 42 U.S.C. § 1983 are considered torts and, therefore, are subject to New Jersey's two-year statute of limitations. *See Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989); *McGann v. Collingswood Police Dep't*, No. 10-3458, 2011 WL 2600725, at *3 (D.N.J. June 28, 2011).

Here, Plaintiff was detained and searched on January 30, 2015. (PSMFND 2; DSMFND ¶¶ 1, 7-8, 10.) Therefore, the statute of limitations began to accrue on or about January 30, 2015. Plaintiff filed his Complaint on April 16, 2021. (Compl.) Thus, Plaintiff filed his Complaint more than six years after he was detained and searched, and four years after the expiration of the two-year statute of limitations under New Jersey law. N.J. Stat. Ann. § 2A:14-2(a). Accordingly, the statute of limitations bars all of Plaintiff's claims against Defendant related to his 2015 detention and search. Dismissal is therefore warranted. Accordingly,

---

[3] The Court declines to delve into any further analysis of the second and third points raised by the Defendant because Plaintiff's claims are barred by the statute of limitations.

IT IS on this 2ⁿᵈ day of June 2023, **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 21) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**